**LAW OFFICES OF NICHOLAS J. PALMA, ESQ., P.C.**
Valerie Palma DeLuisi, Esq.
1425 Broad Street, Second Floor
Clifton, New Jersey 07013
Phone: 973-471-1121
Facsimile: 973-472-0032
VPD@PalmaLawFirm.com
*Attorney for Plaintiff Vito D'Alessio*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VITO D'ALESSIO,<br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>COUNTY OF ESSEX,<br>　　　　　Defendant. | Civil Action No.:<br><br>**COMPLAINT & JURY DEMAND** |

PLAINTIFF VITO D'ALESSIO, by and through his undersigned counsel, Valerie Palma DeLuisi, Esq. of the Law Offices of Nicholas J. Palma, Esq., P.C., by way of Complaint against the County of Essex, does hereby state as follows:

### PARTIES

1. Plaintiff Vito D'Alessio, residing at 46 Wharton Avenue, in the Township of Nutley, County of Essex, State of New Jersey, at all relevant times herein, was employed by Defendant County of Essex as a Captain of the Essex County Sheriff's Department.

2. Defendant County of Essex is a governmental entity organized under the laws of the State of New Jersey, with its principal offices located at the Hall of Records, 465 Dr. Martin Luther King, Jr. Blvd., in the City of Newark, County of Essex, State of New Jersey.

### JURISDICTION

3. United States District Court for the District of New Jersey has original subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1331.

4. United States District Court for the District of New Jersey has supplemental jurisdiction over New Jersey State Law claims that form part of within case and controversy, pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly vested in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, as Plaintiff Vito D'Alessio and Defendant County of Essex reside or are headquartered in the State of New Jersey, and the claims herein arose within the jurisdictional limits of the United States District Court for the District of New Jersey.

## FACTUAL BACKGROUND

6. From 1991 until February 1, 2018, Plaintiff was employed by Defendant County of Essex. For all times relevant to the within litigation, Plaintiff was employed at the rank of Captain of the Essex County Sheriff's Department.

7. For the statutorily relevant time period, Plaintiff performed work for Defendant, for which he was not paid. This work consisted of time spent "on call", as well as time spent working in excess of 40 hours per week.

8. As a result of the defendant's actions, Plaintiff has suffered and continues to suffer severe and substantial monetary damages.

## COUNT ONE
### (Violation of FLSA)

9. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint, as if set forth herein at length.

10. Defendant County of Essex is an employer, as defined by the FLSA, in accordance with 29 U.S.C. § 203, and as a public agency within the meaning of 29 U.S.C. § 203.

11. At all times relevant herein, Plaintiff is and was entitled to all rights, benefits and protections afforded by the FLSA.

12. At all times relevant herein, Defendant was and is fully aware of the provisions and requirements of the FLSA.

13. During the applicable statutory period, Plaintiff performed work for which he was not compensated in accordance with the FLSA.  Particularly, Plaintiff worked in excess of the statutory maximum number of hours provided for in the FLSA without receiving compensation for such excess hours at a rate of one and one-half times the regular hourly rate of compensation.

14. In addition, during the applicable statutory period, Plaintiff performed "on call" duties by order of the defendant, for which he was entitled to compensation but was not paid.

15. Because Defendant is and at all times relevant herein was aware that Plaintiff is entitled to the aforementioned compensation, the failure by Defendant to compensate such overtime and "on call" time is a knowing, willful and/or reckless violation of the FLSA, which extends the applicable time for which Defendant is liable to Plaintiff, from two (2) years to three (3) years.

16. Defendant is liable to Plaintiff for unpaid overtime compensation, unpaid "on call" time compensation, liquidated damages in an equal amount to compensation, for reasonable attorney's fees and for costs of this action.

**WHEREFORE**, Plaintiff Vito D'Alessio hereby demands judgment against Defendant for violations of the Fair Labor Standards Act and for:

i.   Judgment declaring that Defendant has willfully, recklessly and knowingly violated its statutory and legal obligations and deprived Plaintiff of the rights, protections and entitlements under Federal Law, as alleged herein;

ii.  An Order for a complete and accurate accounting of all compensation which Defendant has denied Plaintiff;

iii. Monetary Damages for unpaid overtime and "on call" time compensation, liquidated damages in an equal amount to unpaid compensation, prejudgment and post-judgment interest, reasonable attorney's fees and costs of this action; and

iv.  Such other relief as this Honorable Court deems equitable and just.

## DUTY TO PRESERVE

All applicable employment, training, payroll, telephone, email and/or other records pertaining to the within litigation are in the exclusive possession, custody and control of Defendant. Defendant is hereby notified of the duty imposed by 29 U.S.C. § 211(c) to maintain and preserve employment, training, payroll, telephone, email and/or other records with respect to the within plaintiff, so that the sum of Defendants' liability may be ascertained.

## DESIGNATION OF TRIAL COUNSEL

VALERIE PALMA DELUISI, ESQ. is hereby designated as trial counsel for Plaintiff Vito D'Alessio.

## TRIAL BY JURY

Plaintiff hereby requests trial by jury as to all matters so triable.

## CERTIFICATION

The undersigned attorney for Plaintiff Vito D'Alessio hereby certifies that to the best of her knowledge, information and belief, the matter is controversy is not the subject of any other action and/or arbitration proceeding, nor is any other action or arbitration proceeding contemplated at this time. However, there are other pending lawsuits against this defendant, relating to violations of the FLSA. These lawsuits include <u>PBA Local 183, et al. v. County of Essex</u>, Civil Action No.: 2:17-cv-06962-SRC-CLW and <u>Fortunato v. County of Essex</u>, Civil Action No.: 2:17-cv-06830-SRC-CLW, which have been combined for discovery. The within plaintiff is <u>not</u> seeking to have his case joined with the aforementioned lawsuits.

The undersigned further certifies that to the best of her knowledge, information and belief, no other party should be joined in the within action at this time.

          Respectfully Submitted,
**LAW OFFICES OF NICHOLAS J. PALMA, ESQ., P.C.,**
*Attorneys for Plaintiff Vito D'Alessio*

Dated: June 18, 2018        By:  s/*Valerie Palma DeLuisi*
                                      Valerie Palma DeLuisi, Esq.